## TENURE OF OFFICE OF CLERK OF BOARD OF WATER WORKS TRUSTEES.

[Circuit Court of Allen County.]

### JOHN N. HUTCHINSON v. THE CITY OF LIMA, OHIO.

Decided, April, 1905.

*Municipal Corporations—Clerk of Board of Water Works Trustees—An Employe and Not a Public Officer—Board Discontinued by Municipal Code—But Clerk Continued in Employment—Pleading—Averment of Petition Negatived.*

1. A clerk or secretary of a board of water works trustees, appointed prior to the enactment of the Municipal Code, and continued in employment thereafter by the board of public service, is not an officer but an employe, subject first to the direction of the board appointing him and then to the board of public service. *State* v. *Jennings*, 57 O. S., 415, followed.

2. Whatever may have been the legal status of the board of water works trustees, it was legislated out of office by Section 222 of the Municipal Code (1536-978 R. S.).

3. A clerk of a board of water works trustees, who was performing the duties of his employment at the time of the enactment of the Municipal Code, was by virtue of Section 213 thereof (1536-912 R. S.), continued in his employment until removed by the board of public service which superseded the water works trustees.

4. An averment in a petition by such a clerk, that he was arbitrarily and without cause removed from his position by the board of public service, is negatived by the further averment that he was removed while the board was acting within the scope of its duties, and the petition is thereby rendered insufficient against demurrer.

VOLLRATH, J.; HURIN, J., concurs; NORRIS, J., dissents as to fourth clause of syllabus.

The original action herein was begun in the Court of Common Pleas of Allen County, Ohio, by the plaintiff in error as plaintiff, and the defendant in error as defendant.

The petition below presents its cause of action substantially as follows: On April 2, 1902, The Board of Water Works Trus-

*Affirming *Hutchinson* v. *City of Lima*, 3 N. P.—N. S., 55.

tees of the city of Lima, Ohio, elected the plaintiff, John N. Hutchinson, to the position of clerk or secretary of said board for a period of two years from May 15, 1902, at an annual salary of $1,200, payable in semi-monthly installments of $50 each. Said plaintiff duly qualified for this position by giving bond in the sum of ten thousand dollars and entered upon the discharge of his duties. The board of water works trustees, by which this appointment was made, was legislated out of existence by the act of October 22, 1902, known as the Municipal Code. Plaintiff, however, continued to hold his position as aforesaid under the board of public service established by the new code and which supplanted said board of water works trustees in said city and continued to so discharge his duties as such clerk until the 3d day of October, 1903, when, as he claims, he was summarily removed from his position by said board of public service and has not since that time been permitted to discharge the duties of his said position although constantly ready and willing to do so, and that he had not, during the period from said date of October 2, 1903, until May 16, 1904, the time at which his term of service would have been fully completed and ended, been able to secure any other employment. Wherefore, plaintiff asks judgment against said defendant city for the amount of his salary that would have accrued to him during the time he was so debarred from his said office as aforesaid.

A general demurrer was interposed to this petition by the defendant below and this demurrer was sustained by the court. Error is prosecuted here to reverse this action of the lower court in sustaining this demurrer.

In order to a proper conception of the issue thus presented it will be necessary to take a closer view of the petition in this case. After making the formal averments showing corporate character of the city of Lima, its possession of a system of water works controlled by a board of water works trustees, and the appointment of plaintiff by said board as clerk, or secretary of said board, and his qualifications and entering upon the duties of his office as aforesaid, the petition proceeds to state as follows:

"That on the 16th day of May, 1902, said plaintiff entered upon the duties of said office of clerk or secretary of said board as aforesaid, after having duly qualified, and continued to discharge the duties of said office as aforesaid up to and including the 2d day of October, A. D., 1903, to the complete satisfaction of the said board of water works trustees, while they remained in office until the 4th day of May, 1903, and to the complete satisfaction of the Board of Public Service of the city of Lima, Ohio, which board of public service succeeded to the duties of said board of water works trustees, on the 4th day of May, 1903, as provided by the Municipal Code of the state of Ohio. That the duties of said clerk or secretary of said water works were to take charge of the books, papers and accounts of said water works; to have the care and control of the safe belonging to the city of Lima, Ohio, for the use of the said water works. and to keep and record the minutes of the board of water works trustees, while they were in office and had control of said water works, and that afterwards as such secretary he was required to and did perform precisely the same and similar services under and by virtue of his office for said board of public service, from the 4th day of May, 1903, up to and including the 2d day of October, 1903.

"That the duties required of him as such secretary remained precisely the same under the board of public service, as they were when he entered upon the discharge of his duties under said board of water works trustees, up to the time he was excluded and prevented by said board of public service from performing the duties of said office, as hereinafter set forth, and that they still continue the same under the rules and regulations of said board of public service, and as provided for by the Municipal Code of Ohio.

"Plaintiff says that on the 3d day of October, 1903, in the night time preceding said day, said Board of Public Service of the city of Lima, Ohio, did forcibly enter into and take possession of the office room, wherein said plaintiff as such secretary aforesaid performed the duties of his said office, and wherein was transacted all the business of the board of water works trustees, and of said board of public service, so far as the control of and management of said water works was concerned, and also forcibly took possession of the books, papers and accounts belonging to said office, and in the care and control of said plaintiff as such secretary or clerk, and also took possession of the safe and the money contained therein, belonging to the city of Lima, Ohio, and under the care and control of said plaintiff and then and there and thereafter pre-

vented plaintiff from entering into said office room and also from performing any of the duties of said office, from and after the 2d day of October, 1903, up to and including the 15th day of May, 1904, the day on which the term of office expired to which said plaintiff was elected as aforesaid.

"That on the morning of October 3d, 1903, to-wit, at 7:30 o'clock A. M., the said plaintiff demanded from said board of public service, at the said office room of the water works, the right and privilege of entering said office room and the possession of the books, papers, safe and all effects belonging to said office as such secretary and insisted on his right to enter said office room to perform the duties of such office, which demand said Board of Public Service of the city of Lima, Ohio, refused to comply with, and did so refuse until the expiration of said plaintiff's term of office, although said plaintiff did for a reasonable time, to-wit, for at least the next ten days following said 3d day of October, 1903, continue each morning at the time for opening the office of said water works, to demand from those placed in the same to represent said board of public service, the right to perform the duties of his office, which demand was persistently and continuously refused.

"Plaintiff says that he has ever since and at all times since the 2d day of October, 1903, up to and including the 15th day of May, 1904, stood ready and willing to do and perform all the duties of said office, of secretary or clerk of said water works, as aforesaid, but has been wholly debarred from so doing by the action and refusal of said Board of Public Service of Lima, Ohio, as such board, pretending to and while acting within the scope of their duties as such board.

"Plaintiff says that he was unable to find other similar employment from the 2d day of October, 1903, to the 16th day of May, 1904.

"Plaintiff says that said action of said board of public service was arbitrary and without reason; that plaintiff had at all times performed his duties as such secretary or clerk, in full compliance with law and to the satisfaction of said board of public service and without any complaint or charges of neglect or wrong-doing preferred against him by said board of public service.

"Plaintiff says that said defendant paid his salary, as and for such employment from the 15th day of May, 1902, up to the 1st day of October, 1903, and no more. That he has made demand of said defendant for his salary due him at the dates at which the same became due, and also for the full amount after his term of office had expired, which defendant has refused to pay and still continues to refuse to pay.

"Wherefore, plaintiff asks judgment for the total amount which he would otherwise have receeived as salary as such clerk during the period extending from October 1st, 1903, to the end of the term of his appointment, to-wit, to May 16th, 1904."

The sole question as presented here is: Did the court below err in sustaining the demurrer to said petition?

Plaintiff claims substantially that by virtue of said appointment he became a public officer and could not therefore be removed before the expiration of his term except for cause and upon charges filed and presented; that the act of the board of public service in dispossessing and removing him as it did was arbitrary and unreasonable and without cause, and therefore he was entitled to hold his position to the end of said term and was and is consequently entitled to receive from said city his stated salary for all of that time.

In the view which we take of this case it, perhaps, matters little whether plaintiff was an officer of the city of Lima within the meaning of that term, or a mere employe of the board of public service. It is claimed on the one hand that he was an officer and denied on the other. The functions of a public officer are clearly defined in *State, ex rel,* v. *Jennings et al,* in the 57th Ohio State, page 415. The second syllabus of this case reads as follows:

"To constitute a public office against the incumbent. of which quo warranto will lie, it is essential that certain public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incumbent, in virtue of his election or appointment to the office, thus created and defined, and not as a mere employe subject to the direction and control of some one else."

Under the principles here laid down it is difficult to understand how plaintiff could be considered a public officer. His position was that of clerk. His duties were those of a subordinate. All his actions were subject to the direction, first, of the board of water works trustees, and secondly, to the board of public service.

As stated above, however, the solution of this question does not enter seriously into our findings. Whatever may have been

the legal status of the board of water works trustees it was legislated out of existence by the act of October 22, 1902, above referred to, and by Section 222 of said act, which is designated in Bates' Annotated Statutes of 1904 as 1536-978. This provides as follows:

"The first election under this act shall be held on the first Monday in April, 1903, and all elective officers provided for in this act shall be elected at that time and the terms of all existing elective officers of municipalities, except as otherwise provided in this act, shall cease and determine on the first Monday in May, 1903, and their offices shall be abolished upon the qualifications of the officers provided for in this act, and every year thereafter on the first Monday in May, 1903, and their offices shall be abolished upon the qualifications of the officers provided for in this act, and every year thereafter on the first Monday in April an election shall be held in each municipal corporation and such election shall be conducted, canvassed and the result certified in the manner provided by law with respect to municipal elections."

The officers chosen at the first election held hereunder and at all subsequent elections shall begin their respective terms on the first Monday in May succeeding said election.

Under other circumstances this might be construed to be the end of subordinate positions created by said board of trustees and the consequent termination of all terms of employment, or offices created by it and the removal or ejectment of the incumbents of same. This, however, is prevented by another provision of the Municipal Code known as Section 213 of the code, or 1536-912, of Bates Statutes. This section reads as follows:

"All officers elected by the people or appointed by any authority, and all employes under any boards or officers in any municipal corporation, and all officers or employes in any educational, charitable, benevolent, penal or reformatory institution in any such corporation, now serving as such, shall remain in their respective offices and employments and continue to perform the several duties thereof under existing laws, and receive the compensation therefor until their successors are chosen or appointed and qualified or until removed by the proper authority in accordance with the provisions of this act."

This section of the code doubtless continued the plaintiff in his office or until "removed by the proper authority in accordance with the provisions of this act," or until his successor was chosen or appointed.   There can be no question but what the proper authority in this case was the board of public service.   He was removed by the board of public service but claims that was arbitrarily done.   Section 145 of the Code, being Section 1536-681 of Bates' Annotated Statutes, indicates how removals may be made by the board of public service,   This section reads as follows:

The directors of public service may employ such superintendents, inspectors, engineers, harbor masters, clerks, laborers, and other persons, as may be necessary for the execution of the powers and the duties of this department, and may establish such sub-departments for the administration of affairs under said directors as may be deemed proper.   The compensation and bonds of all persons appointed or employed by the department of public service shall be fixed by said directors, and no person shall be removed except for cause satisfactory to said directors, or a majority of them.

Particular attention is invited to the concluding portion of this section, to-wit: "The compensation and bonds of all persons appointed or employed by the department of public service shall be fixed by said directors, and no person shall be removed except for cause satisfactory to said directors, or a majority of them."

This doubtless gives the board of public service power to remove any of their appointees or employes.   This. under the circumstances of this case, would include the plaintiff as clerk of said board.   The only condition is that he shall not be removed except for cause satisfactory to said directors, or a majority of them.   That plaintiff was removed is evident.   That his removal was satisfactory to the board of directors is also evident.   Plaintiff, however, claims that he was not removed for cause, but simply arbitrarily removed.   This claim might be good so far as the face of this petition is concerned were it not that plaintiff in his petition makes an averment that this action of the board of public service was taken by the board

"while acting within the scope of their duties as such board." There can be only one legitimate inference from this declaration of the petition. If the board was acting within the scope of its duties in the removal of plaintiff, they must have been acting legally and his removal must have been for cause. There are other averments in the petition claiming that the removal was arbitrary and without reason, that plaintiff had performed his duties in compliance with law and to the satisfaction of said board and without any complaint or charges, etc., but under the familiar rule that a pleading of this nature must be construed most strongly against the pleader, the effect of the admissions above quoted must be apparent.

Note also that Section 1536-912 provides that officers and employes affected by said act of October 22, 1902, and acting as such officers or employes at said date, shall remain, etc., and receive their compensation, etc., until their successors are chosen or appointed and qualified. This would apply to plaintiff as well as others. There is nothing in the petition, it is true, to show that a successor to the plaintiff had been appointed, but since the petition alleges that the board of public service acted within the scope of its duties in said matter, an inference to that effect might be justified.

Under these circumstances it is the opinion of the court that the demurrer was well taken. There are a number of other reasons assigned by defendant in error in support of the action of the lower court, but as the grounds noted above are sufficient to dispose of the case, we do not pass upon the others.

We find no error in the judgment of the lower court and the judgment of said court is therefore affirmed at the costs of the plaintiff in error. Judgment and execution accordingly and case remanded to the court of common pleas for execution.

*Becker & Becker,* for plaintiff in error.

*H. O. Bentley,* City Solicitor, for defendant.